UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ARNOLD and
CHERYL ARNOLD,

      Plaintiffs,

v.                                    Case No. 8:26-cv-1134-VMC-SPF

FOUNTAINE PAJOT COMPANY,

      Defendant.

_____/

**ORDER**

This matter is before the Court on consideration of Plaintiffs James Arnold and Cheryl Arnold's Motion to Remand (Doc. # 25), filed on May 20, 2026. Defendant Fountaine Pajot S.A.[1] responded on June 3, 2026. (Doc. # 32). The Motion is denied.

## I.   Background

The Arnolds initiated this Magnuson-Moss Warranty Act ("MMWA") breach of warranty case against "Fountaine Pajot Company" in state court on June 24, 2025. (Doc. # 1-1). The case concerns an allegedly defective boat manufactured by

---

[1] According to Fountaine Pajot S.A., it "was improperly named in the Complaint as 'Fountaine Pajot Company.' Fountaine Pajot Company is not the name of the manufacturer of Plaintiffs' vessel, is not an entity associated with the Plaintiffs' vessel, and was improperly named and sued in this lawsuit." (Doc. # 23 at 1 n.1).

1

Fountaine Pajot and sold by a non-party, Atlantic Cruising Yachts. (Id. at 1-3). The parties debate whether Fountaine Pajot was properly served because, among other issues, the summons was directed to the allegedly non-existent entity Fountaine Pajot Company rather than Fountaine Pajot S.A. (Doc. # 1 at 2-3; Doc. # 23 at 2-7; Doc. # 25 at 2). The Court need not resolve the service issue on this Motion. Suffice it to say for now that the Arnolds purported to serve Fountaine Pajot through service by publication in August 2025. (Doc. # 25 at 2).

Because Fountaine Pajot did not file an answer to the complaint, the state court entered Clerk's default against Fountaine Pajot in September 2025. (Id.). Months later, "[o]n February 17, 2026, [the Arnolds] filed a Motion and Notice of Readiness for Trial and served a copy of the Motion to [Fountaine Pajot] via registered mail." (Id.). "On February 25, 2026, [the Arnolds] filed a Notice of Case Management Conference scheduled for March 30, 2026, and served a copy of the Notice to [Fountaine Pajot] via registered mail." (Id. at 3). "On the morning of the conference on March 30, 2026, [Fountaine Pajot's] counsel filed a Limited Notice of Appearance." (Id.). In the "Notice of Limited Appearance of Counsel," Fountaine Pajot's attorneys stated that this

2

"appearance in no way waives [Fountaine Pajot's] rights or defenses in this matter, including but not limited to jurisdictional defenses and improper service of process." (Doc. # 1-3 at 37).

According to the Arnolds, "[d]uring the conference and in open court, the state court ordered the parties to attend nonbinding arbitration. [Fountaine Pajot] did not object. [Fountaine Pajot] stipulated to arbitration, thereby availing itself of the statutory remedies provided by Fla. Stat. § 44.103, including entry of final judgment on the decision." (Doc. # 25 at 3). Florida Statute § 44.103(2) provides that a "court, pursuant to rules adopted by the Supreme Court, may refer any contested civil action filed in a circuit or county court to nonbinding arbitration." Fla. Stat. § 44.103(2). Such arbitration is non-binding because a party dissatisfied with the arbitrator's decision may "file a notice of rejection of the arbitration decision and request for trial." Fla. R. Civ. P. 1.820(h).

The state court issued an "Order of Referral to Non-Binding Arbitration" on April 2, 2026, stating in relevant part: "This case is hereby referred to non-binding arbitration that shall be completed within ninety (90) days from entry of this Order. The parties stipulate to engage

3

private arbitration with one (1) arbitrator." (Id. at 11). The order further directed the parties to "select their arbitrator within ten (10) days from entry of this Order." (Id.). On April 10, 2026, the Arnolds filed a "Notice of Selection of Arbitrator," reporting to the state court that "the parties have agreed to" a particular arbitrator for "the court ordered non-binding arbitration." (Id. at 13).

Fountaine Pajot has submitted the declaration of its counsel who attended the state court hearing, Brandon Bushway, to provide its perspective on what occurred. (Doc. # 32-1). According to Mr. Bushway, "[n]otwithstanding the language of Judge Ramsberger's order referring the Parties to non-binding arbitration, Judge Ramsberger indicated his intent to and ultimately did refer the case to non-binding arbitration. The Parties did not so stipulate on their own, nor would it have been Fountaine Pajot's intention to so stipulate, particularly where it intended to challenge service and jurisdictional issues." (Id. at 3). Subsequently, Mr. Bushway "met and conferred with the attorney for the [Arnolds] regarding the selection of an arbitrator, in order to comply with Judge Ramsberger's directive." (Id.). "While [the parties] agreed on a name, [the parties] neither

4

scheduled arbitration nor even exchanged dates for arbitration." (Id.).

A few days later, on April 20, 2026, Fountaine Pajot removed the case to this Court on the basis of federal question jurisdiction. (Doc. # 1). The Arnolds now move to remand, arguing that Fountaine Pajot waived the right to remove to this Court by agreeing to non-binding arbitration in the state court. (Doc. # 25). Fountaine Pajot has responded (Doc. # 32), and the Motion is ripe for review.

## II.  Discussion

"Once a state court defendant has exercised his right to seek removal under 28 U.S.C. § 1446(a)[,] a state court plaintiff may seek remand within thirty days after the filing of the notice of removal noting any defect with the removal." Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (citing 28 U.S.C. § 1447(c)). "One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to the federal court." Id.

"A defendant waives its right to remove to federal court, after it is apparent that the case is removable, by taking 'clear and unequivocal' actions in state court that manifest its intent to have the matter adjudicated there." Engle v.

R.J. Reynolds Tobacco Co., 122 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000); see also Snapper, Inc. v. Redan, 171 F.3d 1249, 1261 (11th Cir. 1999) ("In the context of litigation-based waivers, the clear and unequivocal standard makes sense. Otherwise, parties would be put in the difficult position of, on the one hand, not taking any action in state court in order to preserve definitively the right to remove and, on the other hand, running the risk of a default judgment unless they take steps to defend the action in state court."). That is, waiver occurs when a defendant takes "substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." Yusefzadeh, 365 F.3d at 1246 (citation omitted).

"In general, the right of removal is waived when the defendant seeks affirmative relief, recovery or an adjudication on the merits in the state court." Engle, 122 F. Supp. 2d at 1360. "However, where the defendant takes action which is defensive in nature, such as to avoid automatic entry of judgment against it or to preserve the status quo in state court, such action does not manifest an intent to litigate in state court and accordingly does not waive the defendant's right to remove." Id.; see also Yusefzadeh, 365 F.3d at 1246

6

(explaining that waiver does not occur "when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court" (citation omitted)).

Thus, for example, the Eleventh Circuit has held that the filing of a motion to dismiss in state court "in compliance with Florida law" before removing the case to federal court was not a waiver of the right to remove. Yusefzadeh, 365 F.3d at 1247-48. "Whether the state court defendant had waived his right to remove based on active participation must be made on a case-by-case basis." Id. at 1246 (citation and internal quotation marks omitted).

Here, the Arnolds contend Fountaine Pajot has waived its right to remove by agreeing to non-binding arbitration in state court. (Doc. # 25). According to the Arnolds, "[a]t the time that [Fountaine Pajot] stipulated to arbitration and selected an arbitrator, the right to removal was already apparent to [Fountaine Pajot], so waiver is at issue." (Id. at 6-7). The Arnolds insist that Fountaine Pajot "affirmatively invoked a statutory arbitration scheme designed to place the dispute on the fast track toward judgment in state court," which "establish[es] clear and unequivocal intent to remain in state court." (Id. at 7).

7

The Court is not persuaded. First, it does not appear that Fountaine Pajot requested that the case be referred to non-binding arbitration. Rather, it appears that the state court exercised its statutory authority to refer the case to non-binding arbitration and Fountaine Pajot simply did not object. See Fla. Stat. § 44.103(2) ("A court, pursuant to rules adopted by the Supreme Court, may refer any contested civil action filed in a circuit or county court to nonbinding arbitration."). Thus, Fountaine Pajot did not "affirmatively invoke[] a statutory arbitration scheme," as the Arnolds maintain. (Doc. # 25 at 7). Likewise, the state court ordered the parties to select an arbitrator, so Fountaine Pajot's participation in the selection of the arbitrator with the Arnolds was mere compliance with the court's order. (Doc. # 25 at 11, 13); see Yusefzadeh, 365 F.3d at 1246 (stating that no waiver occurs "when the defendant's participation in the state action . . . was dictated by the rules of that court" (citation omitted)).

Regardless, even accepting that Fountaine Pajot "stipulated" to non-binding arbitration, agreeing to non-binding arbitration in the state court "is a non-dispositive, preliminary action." Choi v. Ace Am. Ins. Co., No. 4:21-cv-10020-JEM, 2021 WL 2953630, at *3 (S.D. Fla. June 29, 2021),

report and recommendation adopted, No. 21-10020-CIV, 2021 WL 2954639 (S.D. Fla. July 14, 2021). Such agreement does not evince a clear intent to have the case litigated on the merits in state court. Indeed, another court in this circuit has held that a defendant's filing a motion to compel arbitration in state court did not waive the right to remove to federal court because the motion was "not directed towards the merits of the underlying claim" and "the motion did not progress beyond the filing stage." Fain v. Biltmore Sec., Inc., 166 F.R.D. 39, 42 (M.D. Ala. 1996). So too here. An agreement to participate in non-binding arbitration does not go to the merits of the claim. Notably, although an arbitrator was selected to comply with the state court's order, the arbitration was neither scheduled nor held by the parties pre-removal.

Had the parties completed the non-binding arbitration and then Fountaine Pajot removed after receiving an adverse ruling in arbitration, then the waiver argument would be stronger. See Carlisle Creek, LLC v. Nationwide Prop. & Cas. Ins. Co., No. 4:24-cv-01736-RDP, 2025 WL 864812, at *6 (N.D. Ala. Mar. 19, 2025) (finding that defendant waived its right to remove where it had litigated actively in state court for over two years pre-removal, including filing a motion to

9

dismiss or for summary judgment, taking depositions, engaging in written discovery, and participating in a mediation). But that is not the situation before the Court.

"The doctrine of waiver serves several purposes, but as relevant here, it is intended to prevent a defendant from using the prospect of removal to strategically obtain 'two bites at the apple' — first by testing the merits in state court, and then by removing the case to federal court if the outcome in state court appears unfavorable." Tice v. USAA Cas. Ins. Co., No. 6:25-cv-821-JA-NWH, 2025 WL 1886696, at *3 (M.D. Fla. July 9, 2025). "These concerns are not implicated here." Id.

In short, Fountaine Pajot's limited actions in state court do not show a "clear and unequivocal" intent to litigate the case on the merits in state court. See EHD Techs., LLC v. Cincinnati Indem. Co., No. 2:18-cv-00975-KOB, 2018 WL 4773862, at *2 (N.D. Ala. Oct. 3, 2018) ("The intent to waive the right to remove must be 'clear and unequivocal.'"). On the contrary, Fountaine Pajot's attorneys stated in the "Notice of Limited Appearance of Counsel" that counsel's "appearance in no way waives [Fountaine Pajot's] rights or defenses in this matter," which includes the right to remove

10

the case to federal court. (Doc. # 1-3 at 37). The Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs James Arnold and Cheryl Arnold's Motion to Remand (Doc. # 25) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of June, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11