UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ARNOLD and
CHERYL ARNOLD,

      Plaintiffs,

v.                                    Case No. 8:26-cv-1134-VMC-SPF

FOUNTAINE PAJOT COMPANY,

      Defendant.
_____/

## ORDER

This matter is before the Court on consideration of Defendant Fountaine Pajot S.A.'s Motion to Quash Service of Process, Set Aside State Court Clerk's Default, and to Dismiss Plaintiffs' Complaint (Doc. # 23), filed on May 14, 2026. Plaintiffs James Arnold and Cheryl Arnold responded on June 15, 2026 (Doc. # 36), and Fountaine Pajot S.A. replied. (Doc. # 41). The Motion is granted, and the case is dismissed without prejudice.

## I.   Background

The Arnolds initiated this Magnuson-Moss Warranty Act ("MMWA") breach of warranty case against "Fountaine Pajot Company" in state court on June 24, 2025. (Doc. # 1-1). The case concerns an allegedly defective boat manufactured by "Fountaine Pajot" and sold by a non-party, Atlantic Cruising

1

Yachts, to the Arnolds. (Id. at 1-3). The Arnolds purported to perfect service through "service of process by publication" in August 2025 on "Fountaine Pajot Company" (Doc. # 25 at 2), while Fountaine Pajot S.A. insists it has never been properly served. (Doc. # 23 at 2-7).

When Fountaine Pajot S.A. did not file an answer to the complaint, the state court entered Clerk's default against Fountaine Pajot in September 2025. (Doc. # 25 at Id.). Subsequently, Fountaine Pajot S.A. appeared in state court and removed the case to this Court. (Doc. # 1).

Now, Fountaine Pajot S.A. moves to quash service of process, to set aside the state court's entry of clerk's default, and to dismiss the complaint. (Doc. # 23). Fountaine Pajot S.A. argues dismissal is appropriate because there was insufficient service of process, this Court lacks personal jurisdiction over it regardless, there is a mandatory forum selection clause requiring litigation in France, and the complaint fails to state a claim. (Id.).

In support of its service and personal jurisdiction arguments, Fountaine Pajot S.A. has provided the declaration of its customer service manager, Alexandre Derche. (Doc. # 23-1). According to Mr. Derche, "Fountaine Pajot S.A. is and was French société anonyme, organized under the laws of

2

France, with its principal place of business in Aigrefeuille, France." (Id. at 2). "Fountaine Pajot S.A. was the manufacturer of the vessel referenced in [the Arnolds'] Complaint." (Id. at 1). "'Fountaine Pajot Company' is not a real company, is not a fictitious name under which Fountaine Pajot S.A. conducts business, and is not the correct name of the entity that built the vessel referenced in the [Arnolds'] Complaint." (Id. at 2).

All Fountaine Pajot S.A.'s vessels are manufactured in France. (Id.). "Fountaine Pajot S.A. did not sell the vessel at issue in this litigation to the Arnolds. Fountaine Pajot sold the vessel to Atlantic Cruising Yachts, LLC ('ACY') in France on July 26, 2023. ACY then sold the vessel to the Arnolds in the United States." (Id.). "Fountaine Pajot S.A. does have a distribution/licensing arrangement with ACY, who then works with many brokers and dealers throughout the United States to sell boats manufactured by Fountaine Pajot. All of those dealers also sell boats manufactured by other companies." (Id.). "ACY is not an agent of Fountaine Pajot S.A." and "the delivery of and payment for the vessels as well as the transfer of title occurs in France." (Id. at 3).

"Fountaine Pajot S.A. has never been incorporated, licensed, or qualified to conduct business in the state of

Florida" and "has never maintained any officers or directors and has never had an office, branch office, or comparable facility in the state of Florida, nor anywhere else in the United States." (Id.). Fountaine Pajot S.A.: (1) "has never engaged in substantial and not isolated activities in the state of Florida, or anywhere else in the United States"; "does not operate, conduct, engage in or carry on a business venture in the state of Florida or anywhere else in the United States"; "does not and did not own, use, lease, mortgage, or have any other lien or interest in real property in the state of Florida, has never maintained a mailing address or place of business in the state of Florida, and otherwise has no connections with state of Florida"; "does not manufacture, sell, lease, or solicit orders for vessels in the United States, or any of its territories, including Florida"; and "has no assets in the United States." (Id. at 4). Finally, "Fountaine Pajot S.A. has never maintained a registered agent in the state of Florida or any other state, and has never been subject to service of process in Florida, or any other state" and "has never authorized any person or entity to accept service of process on its behalf outside of France." (Id.).

4

The Arnolds have responded to the Motion (Doc. # 36), and Fountaine Pajot S.A. replied. (Doc. # 41). The Motion is ripe for review.

## II.  **Discussion**

Among numerous other arguments, Fountaine Pajot moves to dismiss the complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). (Doc. # 23 at 2). "[A] motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) challenges the method of service." Oppenheimer v. Robison, No. 1:20-cv-152-TFM-N, 2020 WL 4018280, at *1 (S.D. Ala. July 16, 2020). "The plaintiff has the ultimate burden of proving adequate service." Raheem v. Dep't of Revenue CSE, No. 3:18-cv-743-BJD-PDB, 2019 WL 13546156, at *13 (M.D. Fla. Aug. 16, 2019), report and recommendation adopted, No. 3:18-cv-743-BJD-PDB, 2019 WL 13546157 (M.D. Fla. Sept. 27, 2019). "To do so, he must 'demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.'" Id. (citation omitted).

The Court "may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction, improper venue, and ineffective service of process." Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008). "In assessing

5

the validity of service of process, 'the standards of proof governing motions to dismiss for lack of personal jurisdiction' are applicable." Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (citation omitted). "When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996) (citation omitted). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

In its Motion, Fountaine Pajot S.A. argues that it was never properly served, such that this Court lacks personal jurisdiction over it. It maintains that the Arnolds did not perfect service properly under the Hague Convention, to which both France and the United States are signatories. (Doc. # 23 at 3, 6-7). Although service by mail was "not inherently improper" under Article 10 of the Hague Convention and Florida law, there "is no evidence that the clerk of court in Pinellas County addressed the envelope or sent the process," as required by Florida Statute § 48.197. (Id. at 7); see also

6

Fla. Stat. § 48.197(1)(b)(3)(b) ("Service of process may be effectuated in a foreign country upon a party, other than a minor or an incompetent person, as provided in any of the following: . . . Using any form of mail that *the clerk addresses and sends to the party* and which requires a signed receipt." (emphasis added)).

Additionally, Fountaine Pajot S.A. argues that service was not properly perfected under Florida Statute § 48.161, noting that the Arnolds' affidavit of compliance "does not comply with the statute, either substantively or procedurally." (Doc. # 23 at 3-6); see also Fla. Stat. § 48.161(3) ("The affidavit of compliance must set forth the facts that justify such substituted service and must contain sufficient facts showing: (a) That due diligence was exercised in attempting to locate and effectuate personal service on the party; and (b) To the extent applicable, the party's nonresidence, or concealment, or that the party is a business entity for which substituted service is otherwise authorized by law. The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance."). Fountaine Pajot S.A. notes that the affidavit of compliance does not satisfy the requirements of § 48.161(3) because it

7

merely "makes a conclusory allegation that the [Arnolds] exercised due diligence." (Doc. # 23 at 4). Likewise, the Arnolds did not file the affidavit of compliance within the required 40 days. (Id. at 5); see Fla. Stat. § 48.161(3) ("An affidavit of compliance of the party effectuating service or such party's attorney must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows.").

In response, the Arnolds argue unconvincingly that Fountaine Pajot Company exists and is a separate entity than Fountaine Pajot S.A. (Doc. # 36 at 5-6). According to the Arnolds, the "plain language of the [warranty] clearly states that [Fountaine Pajot Company] and not [Fountaine Pajot S.A.] manufactured, warranted, and services the vessel." (Id. at 6). Based on the assumption that Fountaine Pajot S.A. is not a party to this case, the Arnolds argue that Fountaine Pajot S.A. "has no standing to challenge service or default" because Fountaine Pajot S.A. "has no connection to [Fountaine Pajot Company], the party named in the" warranty. (Id. at 7). The Arnolds do not argue that service was ever properly perfected on Fountaine Pajot S.A.

The Court finds that Fountaine Pajot S.A. is the proper party to this case because it is the manufacturer and

8

warrantor of the Arnolds' vessel. As Mr. Derche explains in his declaration, "Fountaine Pajot Company" is not a "real company" and is not Fountaine Pajot S.A.'s "fictitious name," let alone the entity that manufactured the Arnolds' vessel at issue in this case. (Doc. # 23-1 at 1-2). While the English translation of the warranty refers to "Fountaine Pajot Company" (Doc. # 23-2), this does not contradict Mr. Derche's declaration. It appears the use of "Fountaine Pajot Company" in the translated warranty is a descriptor of Fountaine Pajot S.A. for purposes of identification, rather than an official corporate designation. Furthermore, the original French version of the warranty does not refer to a "Fountaine Pajot Company," instead descriptively calling it "le Chantier Fountaine Pajot": "the Fountaine Pajot shipyard." (Doc. # 41-1). Importantly, the warranty provides: "Warranty conditions have been drawn up in French. Translations which have been made of them are of an informative nature. In the event of difficulties in interpretation, the French version prevails." (Doc. # 23-2 at 2). Thus, the Arnolds have failed to contradict the declaration of Mr. Derche. In short, there is only one "Fountaine Pajot" entity that manufactured and warranted the Arnolds' vessel, and it is Fountaine Pajot S.A.

Because Fountaine Pajot S.A. is the proper Defendant in this case, the Court rejects the Arnolds' argument that Fountaine Pajot S.A. lacks standing to challenge service. And the Arnolds have raised no argument in their response asserting that they properly served Fountaine Pajot S.A. (Doc. # 36). As the Arnolds have not contested Fountaine Pajot S.A.'s persuasive arguments that it was never properly served, the Arnolds have abandoned such argument. See Barnes v. AstraZeneca Pharms. LP, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017) ("When an argument is raised upon [a] motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal." (citation omitted)). Having abandoned that argument, the Arnolds have not carried their burden of establishing that service was proper.

The Court agrees with Fountaine Pajot S.A. that it has not been properly served within the Federal Rule of Civil Procedure 4 deadline. Thus, the Court lacks personal jurisdiction over Fountaine Pajot S.A. Pardazi, 896 F.2d at 1317. The case must be dismissed without prejudice for insufficient service of process. If the Arnolds intend to initiate a new action against Fountaine Pajot S.A., they

10

should be mindful of the facts outlined in Mr. Derche's declaration (Doc. # 23-1), as well as the Eleventh Circuit's previous rulings that district courts in Florida lacked personal jurisdiction over Fountaine Pajot S.A. See Schulman v. Inst. for Shipboard Educ., 624 F. App'x 1002, 1006 (11th Cir. 2015) (holding that the "district court lacked general personal jurisdiction over Fountaine-Pajot under the Fifth Amendment"); Bluewater Trading LLC v. Fountaine Pajot, S.A., 335 F. App'x 905, 907 (11th Cir. 2009) (holding that the district court lacked both general and specific jurisdiction over Fountaine Pajot under Florida's long-arm statute).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Fountaine Pajot S.A.'s Motion to Quash Service of Process, Set Aside State Court Clerk's Default, and to Dismiss Plaintiffs' Complaint (Doc. # 23) is **GRANTED.**

(2)   This case is dismissed without prejudice for insufficient service of process.

(3)   The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of June, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11